UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ESNEYDER FERNANDO RIVERA GOMEZ,<br>    "Petitioner,"<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security, et al.,<br>    "Respondents." | Civil Action No. 1:25-cv-00222 |

## ORDER

Before the Court is Petitioner's "Emergency Motion for Temporary Restraining Order" (Dkt. No. 2) ("Motion for TRO"). For these reasons, Petitioner's Motion for TRO (Dkt. No. 2) is **DENIED**.

### I.   BACKGROUND

On October 23, 2023, Petitioner entered the United States through the Arizona border. Dkt. No. 2-1 at 1. Upon entry, Petitioner went through expedited removal proceedings, during which an asylum officer determined that Petitioner had a credible fear of persecution in his home country of Colombia. Dkt. No. 2-4 at 2. On October 30, 2023, the Department of Homeland Security ("DHS") issued a "Notice to Appear" to Petitioner, thereby starting removal proceedings against him. Dkt. No. 2-1 at 1.

On May 28, 2025, DHS moved the Immigration Judge ("IJ") to dismiss the proceedings so DHS could pursue expedited removal proceedings against Petitioner. Dkt. No. 2-3. The IJ granted this motion without prejudice. Dkt. No. 2-3. On June 3, 2025, after realizing that Petitioner had completed an expedited removal procedure, DHS moved the IJ to reconsider his dismissal of the case and reopen it. Dkt. No. 2-2. On June 27, 2025, Petitioner appealed the IJ's dismissal of the case. Dkt. No. 2-5. On August 11, 2025, Petitioner and DHS jointly moved the Board of Immigration Appeals ("BIA") to remand the case to the IJ. Dkt. No. 2-4.

On September 24, 2025, Petitioner filed a "Motion to Withdraw Stipulation and Motion to Withdraw Appeal." Dkt. No. 2-6. In this motion, Petitioner asked 1) to take back his participation in the joint motion asking for remand, and 2) to withdraw his appeal. Dkt. No. 2-6.

1

On September 26, 2025, Petitioner filed a habeas petition (Dkt. No. 1) and his Motion (Dkt. No. 2) in the Houston Division of the Southern District of Texas. In these filings, Petitioner argued that, by moving to withdraw his appeal, he made the IJ's dismissal of his removal proceeding final and thus left Respondents with no statutory authority to detain him. Dkt. No. 2 at 4. On September 30, the Houston Division transferred this case to the Brownsville Division. Dkt. No. 5.

## II. LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

## III. DISCUSSION

Petitioner claims that Respondents have no statutory authority to detain Petitioner and, because of that, seeks an emergency injunction prohibiting Respondents from deporting or detaining him. Dkt. No. 2 at 7. The Court finds such emergency relief inappropriate.

Based on the filings currently before the Court, the Court cannot find that Petitioner is likely to prevail. Petitioner argues the only viable sources of statutory authority available to Respondents depend on removal proceedings, *see* Dkt. No. 2 at 3, and that Petitioner "has no open removal proceedings." *Id.* at 7. Respondents, Petitioner reasons, thus have no basis for holding him. *Id.*

The Court finds this argument unconvincing. Respondents likely have another source of statutory authorization: 8 U.S.C. § 1225(b)(1)(B)(ii), which states that an alien with a credible fear of persecution "shall be detained for further consideration of application for asylum." *See also Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). And even if Respondents did not have that alternative source of authorization, Petitioner has yet to establish that his removal proceedings are closed and final. Although he has submitted a motion to withdraw his appeal of the immigration judge's ruling, Dkt. No. 2-6, he has not shown that the BIA has granted that motion and terminated the appeal.

Other factors counsel against granting Petitioner relief. While Petitioner's detention deprives him of significant liberty, granting him his requested relief might unduly interfere with

an ongoing immigration proceeding. Respondents have sought to bring Petitioner's case back to an IJ in multiple forms, first by moving the IJ to reconsider its dismissal of Petitioner's case, Dkt No. 2-2, and then, in a joint motion with Petitioner, by moving the BIA to remand proceedings to the IJ. Dkt. No. 2-4. Intervening during this potentially brief limbo would serve the public poorly, inflict temporary and costly administrative burdens, and do so without clear resolutions from immigration judges.

The Court thus finds that Petitioner's Motion presents claims that are unlikely to succeed and requests for relief that would be inappropriate.

### IV. CONCLUSION

For these reasons, Petitioner's Motion for TRO (Dkt. No. 2) is **DENIED.**

Signed on this 15th day of October 2025.

_____
Rolando Olvera
United States District Judge

3